# SEALED

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

FILED
2016 MAR -2 PM 12: 11



| UNITED STATES OF AMERICA, | ) | CRIMINAL NO |
|---|---|---|
| Plaintiff, | ) | INDICTMENT SA16CR0144 |
| v. | ) | |
| | ) | [In violation of: |
| SCOTT EUGENE FABER, | ) | 18 U.S.C. § 2252A(a)(2) |
| | ) | Distribution of Child Pornography; |
| Defendant. | ) | Receipt of Child Pornography; |
| | ) | 18 U.S.C. § 2252A(a)(5)(B) |
| | ) | Possession of Child Pornography] |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
[18 U.S.C. § 2252A(a)(2)]

On or about August 8, 2013, within the Western District of Texas, the Defendant,

**SCOTT EUGENE FABER,**

did knowingly distribute any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been shipped or transported using any means or facility of interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

<u>COUNT TWO</u>
[18 U.S.C. § 2252A(a)(2)]

On or about September 10, 2013, within the Western District of Texas, the Defendant,

**SCOTT EUGENE FABER,**

did knowingly distribute any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been shipped or transported using any means or facility of interstate

1

and foreign commerce,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT THREE
[18 U.S.C. § 2252A(a)(2)]

Between June, 2013 and January 21, 2014, within the Western District of Texas, the Defendant,

**SCOTT EUGENE FABER,**

did knowingly receive any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been shipped or transported using any means or facility of interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT FOUR
[18 U.S.C. § 2252A(a)(5)(B)]

On or about January 22, 2014, within the Western District of Texas, the Defendant,

**SCOTT EUGENE FABER,**

did knowingly possess material, specifically a Dell optiplex GX620 desktop computer, which contains an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor, or a minor that had not attained 12 years of age, and which had been shipped and transported using any means and facility of interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT FIVE
[18 U.S.C. §2252A(a)(5)(B)]

On or about January 22, 2014, within the Western District of Texas, the Defendant,

**SCOTT EUGENE FABER,**

did knowingly possess material, specifically a HP Pavilion 734n desktop computer, which contains an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor, or a minor that had not attained 12 years of age, and which had been shipped and transported using any means and facility of interstate and foreign commerce,

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[Title 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B), and (b), subject to forfeiture pursuant to Title 18 U.S.C. § 2253(a). *See* Fed. R. Crim. P. 32.2]

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to Defendant, **SCOTT EUGENE FABER**, of its intent to seek the forfeiture of the below described property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §§ 2253(a)(1), (2), and (3), which states:

> **Title 18 U.S.C. § 2253. Criminal forfeiture**
> **(a) Property subject to criminal forfeiture.**—A person who is convicted of an offense under this chapter involving a visual depiction described in section . . . 2252 . . . of this chapter . . . shall forfeit to the United States such person's interest in-
> **(1)** any visual depiction described in section . . . 2252 . . . of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
> **(2)** any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
> **(3)** any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

A TRUE BILL.



FOREPERSON OF THE GRAND JURY

RICHARD DURBIN
UNITED STATES ATTORNEY

BY: *Tracy Thompson*
TRACY THOMPSON
Assistant United States Attorney